**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE MORTGAGE REPORTS LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMERIFIRST FINANCIAL, INC. <br><br> Defendant. | **Case No.** _____ <br><br><br> **JURY DEMANDED** |

**COMPLAINT**

Plaintiff The Mortgage Reports LLC ("TMR"), by and through its attorney, for its Complaint against AmeriFirst Financial, Inc. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to recover for damages and injunctive relief caused by and to prevent further damage arising from Defendant's infringement of TMR's copyrights.

2. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

**PARTIES**

3. TMR is an Illinois limited liability company.

4. TMR is an Internet company that owns certain well-known blog websites in the mortgage industry.

5. TMR's original works of authorship on its blogs generate significant traffic to its websites, whereby consumers are encouraged to enter information for current loan rates. Each consumer that enters information on TMR's websites is a valuable lead for mortgage loan services. TMR is in the business of transferring lead information to loan officers and selling these customer leads to mortgage lead aggregators and mortgage loan companies.

6. TMR holds the registered copyright attached as **Exhibit A** for the original work of authorship on its blog ("Registration"). Registration No. TXu 1-826-664, among others, was assigned from Bring The Blog, LLC to TMR on February 18, 2013.

7. Defendant is a mortgage banking firm.

8. Defendant is an Arizona corporation with it principal place of business located at 1550 E. McKellips Rd, Ste. 117, Mesa, AZ 85203.

9. Defendant is a direct competitor of TMR for mortgage loan leads.

## JURISDICTION AND VENUE

10. The general jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367 in that the controversy arises under the Copyright Act (17 U.S.C. § 101, *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

11. This Court has personal jurisdiction over the Defendant because Defendant resides in this judicial District, does business in this judicial District through interactive websites, has engaged in a persistent course of conduct in this judicial District, relating to this claim and causes of action, and derives substantial revenue from services sold by it in this judicial District.

12. Venue is proper in this judicial District in accordance with 28 U.S.C. § 1391(b) because TMR's claims arise in this judicial District, each party does business in this judicial District, witnesses and evidence are located in this judicial District, and a substantial part of the events or omissions that give rise to the claims in this complaint have occurred within this judicial District.

## FACTUAL BACKGROUND

13. TMR owns the blog content attached as **Exhibit B,** which is covered by the Registration (hereinafter "TMR Blog").

14. TMR registered its copyright for the TMR Blog with the United States Copyright Office and has received a certificate of registration of copyright. A copy of the pertinent portion of the content is attached hereto as **Exhibit B**.

15. Defendant is not authorized, through license or otherwise, to use any of the TMR Blog.

16. Defendant copied the TMR Blog on at least two of its websites located at http://www.rstrahl.amerifirst.us/PageContent.aspx?PageID=50, http://www.stevek.amerifirst.us/PageContent.aspx?PageID=52 and http://mortgagemythbuster.com (the "Infringing Websites"). Copies of the Infringing Websites are attached as **Exhibit C.**

17. Like TMR's websites, Defendant's Infringing Websites encourage consumers to enter information for current loan rates, which generate potential leads for mortgage loan services for Defendant.

18. Defendant's Infringing Websites contains text that is identical or substantially similar to the TMR Blog.

19. Defendant's unlawful conduct has caused damage and irreparable injury to TMR, and further damage and irreparable injury will result if Defendant is allowed to continue to violate TMR's rights.

20. The acts of Defendant are unlawful, willful and knowingly performed with the intent and result of injuring TMR.

21. Defendant's aforesaid wrongful acts result in Defendant's unjust enrichment.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

22. TMR incorporates the allegations contained in Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. The TMR Blog is original and is copyrightable subject matter under the laws of the United States.

24. TMR complied in all respects with the Copyright Act and all other laws covering copyright and secured the exclusive rights and privileges in and to the copyright with respect to the TMR Blog by registering it with the United States Copyright Office. *See* **Exhibit A**.

25. Defendant had access to the TMR Blog on the Internet.

3

26. Defendant infringed the copyright held by TMR in and to the TMR Blog by copying and reproducing substantial portions of text from the TMR Blog into the Infringing Websites without authorization, and distributing the Infringing Websites over the Internet.

27. Defendant's improper appropriation of TMR's copyrighted material constitutes willful copyright infringement, in direct violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

28. As a direct and proximate result of Defendant's infringement of TMR's copyright in and to the TMR Blog, TMR has suffered damage and irreparably injury.

29. Defendant has damaged TMR in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Common Law Unfair Competition)

30. TMR incorporates herein the allegations in paragraphs 1 through 29 as if set forth in full.

31. Defendant's aforesaid acts constitute unfair competition in violation of the common law of the State of Illinois, thereby entitling TMR to equitable relief, as prayed for herein, and damages according to proof to the fullest extent allowed by law.

32. As a direct and proximate result of Defendant's conduct, TMR has suffered damage and irreparably injury.

33. Defendant has damaged TMR in an amount to be determined at trial.

**WHEREFORE**, TMR prays that this Court enter the following judgment and order after a TRIAL BY JURY:

A. That Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them:

(1) be found liable for copyright infringement as proven at trial;

4

(2) be ordered to submit an accounting of all gains, sales, profits and advantages derived by Defendant from its copyright infringement;

(3) be found liable for willful copyright infringement;

(4) That for such copyright infringement, Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them be ordered to pay TMR:

    a. Such damages as TMR has sustained in consequence of Defendant's infringement of said copyright, including, to the extent available, punitive damages in an amount to be determined and to account for and pay to TMR all gains, profits and advantage derived by Defendant from its infringement of TMR's copyrights, the total amount to be determined at a trial of this action, or such damages as shall appear proper within the provisions of the Copyright statute; or in the alternative;

    b. In the event that TMR's actual damages, including Defendant's profits, are less than One Hundred Fifty Thousand Dollars ($150,000.00) and Defendant is found to have willfully infringed, that TMR be awarded statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) pursuant to the provision of 17 U.S.C. § 504(c)(2); or in the alternative;

    c. In the event that Defendant is not found to have willfully infringed and TMR's actual damages, including Defendants' profits, are less than Thirty Thousand Dollars ($30,000.00), that TMR be awarded statutory damages

    in the amount of Thirty Thousand Dollars ($30,000.00) pursuant to the provision of 17 U.S.C. § 504(c)(1); and

(5)  That pursuant to 17 U.S.C. § 502, Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them, be permanently enjoined from infringing said copyrights of TMR in any manner, including from distributing copies containing TMR's copyrightable works on the Internet and from marketing or otherwise disposing of any copies of any work that contains TMR's copyrightable works and contributing to or participating in and furthering any infringing acts;

(6)  That pursuant to 17 U.S.C. § 505, Defendant pay to TMR the costs of this action and reasonable attorneys' fees to be allowed to TMR by this Court;

(7)  That TMR be awarded prejudgment interest, post-judgment interest, attorneys' fees and costs;

(8)  That TMR shall have such other and further relief as this Court may deem just.

DATED: March 12, 2013      Respectfully submitted,

              THE MORTGAGE REPORTS LLC

              By:  /s/ Bryan P. Sugar
                 Bryan P. Sugar
                 UNGARETTI & HARRIS, LLP
                 70 W. Madison Street, Suite 3500
                 Chicago, IL 60602
                 Telephone: 312.977.4400

                 Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, TMR hereby demands a trial by jury on all issues so triable.

                        THE MORTGAGE REPORTS LLC

                        By:   /s/ Bryan P. Sugar
                                Bryan P. Sugar
                                **UNGARETTI & HARRIS, LLP**
                                70 W. Madison Street, Suite 3500
                                Chicago, IL  60602
                                Telephone: 312.977.4400

                        Attorney for Plaintiff